IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| SHERRY D. RUSSELL, ) | |
| ) | |
|     Debtor. ) | Bankruptcy No. 10-02091 |
| ------------------------------------------------------- | |
| TATE ANDREW RUSSELL, ) | |
| ) | Adversary No. 10-09112 |
|     Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| SHERRY D. RUSSELL, ) | |
| ) | |
|     Defendant. ) | |

**ORDER RE: MOTION FOR SUMMARY JUDGMENT**

    This matter came before the undersigned on March 25, 2011 for telephonic hearing. Plaintiff Tate Russell was represented by attorney Peter Arling. Debtor/Defendant Sherry Russell was represented by attorney Robert Murphy. After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

**STATEMENT OF THE CASE**

    Plaintiff's complaint seeks to except debt from discharge under § 523(a)(15). Plaintiff seeks summary judgment on his claim that the debt arising from the parties' divorce is excepted from discharge under § 523(a)(15). The parties were divorced in 2005 in Michigan. Plaintiff received a money judgment of $5,629 against Debtor. He asserts this is a debt to a former spouse in connection with a divorce decree under § 523(a)(15). The Motion includes a copy of a "Default Judgment of Divorce" (hereafter "Decree") dated August 8, 2005 which includes the money

judgment. The Decree states the judgment "represents the value of the Plaintiff's personal property brought into the marriage that [Debtor] removed from the marital residence and sold without the Plaintiff's knowledge or consent." It further provides for costs, interest and attorney fees associated with collecting on the judgment.

Debtor resists summary judgment. She asserts the Decree was entered without jurisdiction. She argues Plaintiff must prove the dollar amount of the judgment, which she believes is impossible without dishonesty or fraud. Debtor believes this adversary proceeding was brought to further harass and punish Debtor for leaving Plaintiff after being abused. Debtor's response includes affidavits from friends and family regarding what Debtor took with her when she left Plaintiff. She argues there are clear and definite factual issues to be determined between the parties. Debtor's affidavit states she had not seen a copy of the Decree until Plaintiff filed this adversary proceeding.

Plaintiff replies that the Rooker-Feldman doctrine bars this Court from reviewing the validity of the state court judgment. He argues there are no material facts in dispute. Plaintiff also filed copies of a transcript and other documents from the Michigan proceedings. He requests that the Court order sanctions under Rule 56(h) for Debtor's bad faith affidavit. Debtor responds that the Michigan documents do not undermine her Affidavit which truthfully states she never received a copy of the Default Judgment of Divorce.

## CONCLUSIONS OF LAW

Summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court should deny summary judgment if there is sufficient evidence for a fact finder to return a verdict for the non-moving party. Young-Losee v. Graphic Packaging Int'l, Inc., 631 F.3d 909, 911 (8th Cir. 2011). The court views the evidence and draws all inferences in favor of the non-moving party when considering whether summary judgment is appropriate. Estrada v. Cypress Semiconductor Inc., 616 F.3d 866, 870 (8th Cir. 2010).

The court will not impose sanctions under Rule 56(h) unless it is convinced that an affidavit was presented in bad faith or solely for the purpose of delay. In re

2

RBA, Inc., 60 B.R. 953, 959 (Bankr. D. Minn. 1986); In re Gioioso, 979 F.2d 956, 962 (3d Cir. 1992) (ordering imposition of sanctions "[g]iven the wrongful character of the debtors' affidavits in opposition to summary judgment – affidavits that flatly contradicted earlier sworn depositions and that failed to raise material issues of fact"). "Case law makes clear that no sanctions will be imposed under Rule [56(h)] unless the court relies on the false affidavit in ruling on the summary judgment motion." Structural Polymer Group, Ltd. v. Zoltek Corp., 2006 WL 2802202, *2 (E.D. Mo. 2006), citing Faberge, Inc. v. Saxony Products, Inc., 605 F.2d 426, 429 (9th Cir. 1979); Grube v. Lau Indus., Inc ., 257 F.3d 723, 731 (7th Cir. 2001).

## ROOKER-FELDMAN DOCTRINE

The Rooker-Feldman doctrine holds that "federal courts lack subject matter jurisdiction to engage in appellate review of state court judgments, 'as that appellate function is reserved to the Supreme Court under 28 U.S.C. § 1257.'" In re Dunbar, 2007 WL 1087451, *2 (Bankr. N.D. Iowa 2007), quoting Dornheim v. Sholes, 430 F.3d 919, 923 (8th Cir. 2005). In Postma v. First Federal Savings & Loan, 74 F.3d 160, 162 (8th Cir. 1996), the court applied the Rooker-Feldman doctrine where the parties' claims were inextricably intertwined with the state court judgment. In Postma, the court noted that the "current claims can succeed only to the extent that the state court wrongly decided the foreclosure action." Id. The parties claimed that they did not receive constitutionally adequate notice to cure or to mediate in an Iowa state court foreclosure action. Id.

In determining whether a claim is "inextricably intertwined" with a state court judgment, the court must analyze whether the relief requested would effectively reverse the state court decision or void its ruling. In re Hatcher, 218 B.R. 441, 447 (B.A.P. 8th Cir. 1998), aff'd 175 F.3d 1024 (8th Cir. 1999). The Rooker-Feldman doctrine forecloses direct appeals as well as indirect attempts by federal plaintiffs to undermine state court decisions. In re Portwood, 308 B.R. 351, 355 (B.A.P. 8th Cir. 2004) (holding the court was prohibited from reviewing the validity of a Florida court's decision regarding alimony). It precludes bankruptcy courts from conducting a review of a state court decision, which instead must be sought in the appropriate state appellate court. In re Henderson, 324 B.R. 302, 305 (Bankr. W.D. Ky. 2005).

3

In In re Unverzagt, 2004 WL 1882614, *1 (Bankr. W.D. Mo. 2004) (Federman, J.), the court, applying the Rooker-Feldman doctrine, stated: "Since I would have no jurisdiction to grant a divorce, I have no jurisdiction to set aside a divorce granted by a state court judge." The court in In re Golio, 393 B.R. 56, 62 (Bankr. E.D.N.Y. 2008), refused to revisit a state court judgment which it found was clearly awarded in connection with a divorce decree under § 523(a)(15). The debtor argued that a dissolution decree was void because a lawyer improperly represented both parties in McCarthy v. McCarthy, 2010 WL 3269801, *2 (D. Minn. 2010). The court, holding that the appellant could not challenge the state court judgment in federal court, affirmed the bankruptcy court's decision that the debt was excepted from discharge under § 523(a)(15). Id.

In certain circumstances, a bankruptcy court may inquire into the nature of a debt arising from a state court action without violating the Rooker-Feldman doctrine. Dunbar, 2007 WL 1087451, *2 (concluding state court judgment for battery satisfied elements of exception from discharge for willful and malicious injury under § 523(a)(6)). The court in Golio acknowledged that courts can look at the nature of state court judgments in some situations. 393 B.R.at 62 (distinguishing § 523(a)(15) from other exceptions from discharge). The current, applicable version of § 523(a)(15) requires only that the debt be: 1) to a spouse, 2) for something other than a "domestic support obligation," and 3) incurred in connection with a divorce decree, for the debt to be excepted from discharge. 11 U.S.C. § 523(a)(15).

## ANALYSIS

In response to Plaintiff's motion for summary judgment, Debtor argues that facts are in dispute on the issue of whether she had proper notice of the Michigan divorce action and whether the money judgment in the divorce decree was proper. Under the Rooker-Feldman doctrine, this Court may not review the validity of the underlying divorce judgment. Reviewing the notice Debtor received, or the items on which the Michigan court based the money judgment, would put this Court in the position of determining whether the Michigan court wrongly decided the divorce action. The issues Debtor raises are "inextricably intertwined" with the Michigan divorce decree and cannot be considered by this Court. If Debtor wishes to have the Decree reviewed for lack of notice or improper computation of damages, she must do so in the Michigan state court system.

      Debtor does not dispute that the money judgment in the Decree is owed to Plaintiff, as her former spouse, and was incurred in connection with a divorce decree. Unlike other situations in which a state court judgment can be reviewed for dischargeability for elements of fraud or willful and malicious conduct, the only elements of § 523(a)(15) dischargeability are evidenced in the Decree itself. The Court must, therefore, conclude that Plaintiff has met his burden to prove the money judgment in the Default Judgment of Divorce is excepted from discharge as being to a spouse and incurred in connection with a divorce decree.

      **WHEREFORE**, Plaintiff's Motion for Summary Judgment is GRANTED.

      **FURTHER**, the obligations to Plaintiff arising from the Michigan Default Judgment of Divorce are excepted from discharge under § 523(a)(15).

      **FURTHER**, Plaintiff's request for sanctions under Rule 56(h) is denied.

      Dated and Entered:  April 8, 2011

_____
PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE